UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LOUISE ST. JUSMA,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

CHEN NEIGHBORHOOD MEDICAL CENTERS
OF SOUTH FLORIDA, LLC, a Florida limited
liability company d/b/a CHEN NEIGHBORHOOD
MEDICAL CENTERS,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, LOUIS ST. JUSMA, ("ST. JUSMA"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS OF SOUTH FLORIDA, LLC, a Florida limited liability company d/b/a CHEN NEIGHBORHOOD MEDICAL CENTERS, and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS was an enterprise engaged in interstate commerce.

At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS operated a medical center. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. The Defendant is also subject to the jurisdiction of this Court because is operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendant was and continues to be a company doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, ST. JUSMA was and continues to be a resident of Margate, Broward County, Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS, was conducting business in Lauderhill, Broward County, Florida,

10. At all times material hereto, Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS was the employer of Plaintiff, ST. JUSMA.

11. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, ST. JUSMA her lawfully earned wages in conformance with the FLSA.

13. Defendant committed a willful and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

14. At all times material hereto, corporate Defendant, CHEN NEIGHBORHOOD MEDICAL CENTERS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, ST. JUSMA was directly essential to the businesses performed by Defendant.

16. Plaintiff, ST. JUSMA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about December 2014, Plaintiff, ST. JUSMA was hired by the Defendant as a cleaner and housekeeper at its medical center. Her employment terminated on September 15, 2016.

18. Plaintiff, ST. JUSMA was paid an hourly rate of $10.00 per hour.

19. Defendant knowingly and willfully operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20. On or about August 25, 2016, by letter, the Plaintiff complained to the Defendant about its violation of the FLSA insofar as failing to properly pay Plaintiff all overtime wages.

21. The Defendant caused the Plaintiff to be terminated from her employment on September 15, 2016. The termination was in retaliation for Plaintiff engaging in her FLSA rights by complaining about not being paid overtime.

22. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, ST. JUSMA repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, ST. JUSMA's employment with the Defendant was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, ST. JUSMA was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff, ST. JUSMA intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

27. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, ST. JUSMA at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

28. Defendant failed to properly disclose or apprise Plaintiff, ST. JUSMA of her rights under the FLSA.

29. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, ST. JUSMA is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendant, Plaintiff, ST. JUSMA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ST. JUSMA respectfully requests that judgment be entered in her favor against the Defendant:

a.  Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

b.  Awarding Plaintiff overtime compensation in the amount calculated;

c.  Awarding Plaintiff liquidated damages in the amount calculated;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215

32. Plaintiff, ST. JUSMA realleges Paragraphs 1 through 22 as if fully stated herein.

33. On about August 25, 2016, Plaintiff, ST. JUSMA engaged in statutorily protected activity when she complained to the Defendant about not being paid for all her hours worked at the rates required by the FLSA.

34. On September 15, 2016, the Plaintiff was terminated from her employment with the Defendant. Her termination was based on her having engaged in a statutorily protected FLSA activity.

35. Pursuant to 29 U.S.C. § 215, Plaintiff, ST. JUSMA was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

36. A causal link exists between the Defendants' decision to terminate ST. JUSMA, and the Plaintiff, ST. JUSMA engaging in activities protected by the FLSA.

37. Defendants' actions insofar as terminating the Plaintiff were not for a legitimate, non-retaliatory reason.

WHEREFORE, Plaintiff, ST. JUSMA, respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants retaliated against Plaintiff, ST. JUSMA, asserting and engaging in activities protected by the FLSA;

    b.    Declaring that Defendants violated 29 U.S.C. § 215;

    c.    Awarding Plaintiff, ST. JUSMA, back pay and front pay (through age 65), respectively, in the amount calculated;

    d.    Awarding Plaintiff liquidated damages in the amount calculated;

    e.    Awarding Plaintiff post-judgment interest;

    f.    Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

    g.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

    h.    Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

    i.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: October 5, 2016

                                                      Respectfully submitted,

                                                      BOBER & BOBER, P.A.
                                                      Attorneys for Plaintiff
                                                      1930 Tyler Street
                                                      Hollywood, FL 33020
                                                      Phone: (954) 922-2298
                                                      Fax: (954) 922-5455
                                                      peter@boberlaw.com
                                                      samara@boberlaw.com

                                                      By: <u>Peter J. Bober, Esq.</u>
                                                           FBN: 0122955
                                                           SAMARA BOBER
                                                           FBN: 0156248