UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 16-CV-62383-ZLOCH

LOUISE ST. JUSMA,

    Plaintiff

v.

CHEN NEIGHBORHOOD MEDICAL CENTERS
OF SOUTH FLORIDA, LLC, a Florida limited
Liability company d/b/a CHEN NEIGHBORHOOD
MEDICAL CENTERS,

    Defendant.
_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is made by, between, and among (i) Louise St. Jusma, her heirs, executors, administrators, successors, and assigns (collectively, "Plaintiff" or "St. Jusma"), on the one hand, and (ii) Chen Neighborhood Medical Centers of South Florida, LLC d/b/a Chen Neighborhood Medical Centers ("Defendant" or "Chen"), on the other. The parties to this Agreement may be referred to collectively as the "Parties" or individually as a "Party." The Parties agree that:

WHEREAS, St. Jusma has filed a lawsuit against Defendant in the United States District Court for the Southern District of Florida for alleged unpaid overtime compensation and retaliation pursuant to the Fair Labor Standards Act, styled as <u>Louise St. Jusma v. Chen Neighborhood Medical Centers of South Florida, LLC d/b/a Chen Neighborhood Medical Centers,</u> Case No. 16-cv-62383-WJZ ("Litigation"); and

WHEREAS, Defendant denies any liability to St. Jusma; and

WHEREAS, to avoid the uncertainties and expense of further administrative proceedings and litigation, the Parties wish to settle all claims and potential claims between them.

**NOW THEREFORE**, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

    **1.**   **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendant agrees to pay St. Jusma and her counsel the total sum of

1

LS

Eighteen Thousand Five Hundred Dollars and Zero Cents ($18,500.00) (the "Settlement Sum"), as follows:

a) A check payable to the order of Louise St. Jusma in the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00), less lawful withholdings, representing unpaid wages, back pay and front pay damages, for which a W-2 will be issued;

b) A check payable to the order of Louise St. Jusma in the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00), representing compensatory and/or liquidated damages and all other damages St. Jusma seeks in connection with her claims for unpaid wages and retaliation; and

c) A check payable to the order of Bober & Bober, P.A. in the gross amount of Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00) as attorneys' fees and costs. Defendant shall report the payment on an IRS 1099-MISC Form.

The checks described above shall be delivered to St. Jusma's counsel within 10 (ten) business days after the satisfaction of each of the following: (i) Defendant's receipt of this Agreement signed by St. Jusma; (ii) the Parties' filing of a Joint Motion to Approve the Settlement Agreement and General Release and to Dismiss the Case With Prejudice; and (iii) the Court's entry of an order approving the settlement and dismissing all of St. Jusma's claims with prejudice.

The sums detailed above are in full and final settlement and resolution of any and all claims which St. Jusma had, has, or may have against Defendant arising out of or in any way connected with her employment with Defendant as of the date of the execution of this Agreement. Each Party shall bear her or its own fees and costs, except as provided for herein.

2. **No Consideration Absent Execution of this Agreement.** St. Jusma understands and agrees that St. Jusma would not receive the monies and/or benefits specified in paragraph "1" above, except for St. Jusma's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All Claims.**

a. **General Release of All Claims by St. Jusma.** St. Jusma knowingly and voluntarily releases and forever discharges Chen Neighborhood Medical Centers of South Florida, LLC d/b/a Chen Neighborhood Medical Centers, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, owners, officers, shareholders, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which St. Jusma has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

*LS*

- Title VII of the Civil Rights Act of 1964;
- The Pregnancy Discrimination Act of 1978;
- The Age Discrimination in Employment Act, as amended ("ADEA");
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Fair Labor Standards Act;
- Florida Civil Rights Act, Fla. Stat. §760.01 et seq.
- Florida Whistle Blower Act, Fla. Stat. §448.101 et seq.
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. §440.205
- Florida Wage Discrimination Law, Fla. Stat. §448.07
- Florida Equal Pay Law, Fla. Stat. §725.07 and Fla. Stat. §448.07
- Florida AIDS Act, Fla. Stat. §110.1125, §381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. §448.075 et seq.
- Florida OSHA, Fla. Stat. Ann. §442.018(2)
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- Miami-Dade Wage Theft Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; and
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. **Claims Not Released by St. Jusma.** Notwithstanding anything to the contrary, St. Jusma is not waiving any rights she may have to: (a) her own vested accrued employee benefits under Defendant's health, welfare, or retirement benefit plans as of this Agreement; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement. The Parties acknowledge that St. Jusma is not waiving her right to proceed with proceedings for unemployment compensation in connection with her employment with Defendant.

c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents St. Jusma from filing a charge with or participating, testifying, or assisting in any investigation,

3

hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws. However, to the maximum extent permitted by law, St. Jusma agrees that if such an administrative claim is made to such an anti-discrimination agency, she shall not be entitled to recover any individual monetary relief or other individual remedies. In addition, nothing in this Agreement, including but not limited to the release of claims nor the confidentiality and non-disparagement clauses, prohibits St. Jusma from: (1) reporting possible violations of federal law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs, including but not limited to any such programs managed by the U.S. Securities and Exchange Commission and/or the Occupational Safety and Health Administration. Moreover, nothing in this Agreement prohibits or prevents St. Jusma from receiving individual monetary awards or other individual relief by virtue of participating in such federal whistleblower programs.

        **d.**    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, St. Jusma waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

        **e.**    **General Release of Claims by Defendant.** In exchange for Plaintiff entering into this Agreement and for the other consideration herein, Defendant releases Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that Defendant once had or now has, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to Defendant from the beginning of the world to the date of these presents. Such is a general release from Defendant to Plaintiff.

        **4.**    **Acknowledgments and Affirmations.** St. Jusma hereby acknowledges and affirms the following:

        a.    St. Jusma has not filed, caused to be filed, or presently is a party to any claim against Releasees, except for the Litigation, which St. Jusma has agreed to dismiss under this Agreement.

        b.    St. Jusma has reported all hours worked as of the date she signs this Agreement and after receiving the monies described above in Paragraph 1, will have been paid all compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled.

        c.    St. Jusma affirms that she will not in the future file, process, encourage, aid, or participate in any suit, claim, charge, complaint, investigation, or demand of any kind whatsoever, whether brought in her individual name or otherwise, involving, directly or indirectly, Releasees in any local, state, or

*L.S*

    federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Agreement, unless she is required to do so by legal process.

  d. St. Jusma has been granted any leave to which St. Jusma was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

  e. St. Jusma has no known unreported workplace injuries or occupational diseases.

  f. St. Jusma has not divulged any proprietary or confidential information of Defendant and will continue to maintain the confidentiality of such information consistent with Defendant's policies and St. Jusma's agreement(s) with Defendant and/or common law.

  g. St. Jusma has not been retaliated against for reporting allegations of wrongdoing by Defendant or their officers, including any allegations of corporate fraud. Plaintiff alleges that she was retaliated against for complaining about unpaid wages, which Defendant denies.

  h. The Parties acknowledge that this Agreement does not limit either Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, St. Jusma agrees that if such an administrative claim is made, St. Jusma shall not be entitled to recover any individual monetary relief or other individual remedies.

  i. St. Jusma acknowledges that Defendant takes the position that all of Releasees' decisions regarding St. Jusma's pay and benefits through the date of St. Jusma's execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

  j. Releasees and St. Jusma affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

  5. **Confidentiality.** St. Jusma agrees that the terms and provisions of this Agreement, are and shall remain confidential and that St. Jusma shall not, individually or through St. Jusma's agents, attorneys, family members, spouse or other representatives or those acting on their behalf, in any manner notify, provide, publish, publicize, disclose, disseminate, or in any way make known to any third person organization or entity, the existence of this Agreement, its terms or conditions, or the discussions that led to the making of this Agreement, provided, however, that

*L·S*

if asked about the status of the Litigation it will not be a violation of this provision to respond that the matter is resolved. The foregoing shall not preclude such disclosure as follows: disclosure to a spouse; children; disclosure to attorneys, accountants or others who require such information to perform professional services; disclosure as may be required by law; as needed to report taxes; and/or disclosure as may be necessary to enforce the terms of the Agreement. St. Jusma shall be responsible for breach of this section by persons to whom disclosure is made. The Parties agree that violation of any obligation contained in this Paragraph is a material breach of this Agreement and shall entitle the non-breaching party to all available remedies, including but not limited to the right to seek injunctive relief, an ex parte preliminary injunction and/or temporary restraining order against any person or entity who has so breached or may be intending to so breach this Confidentiality clause, and all reasonable attorneys' fees, costs and expenses incurred in obtaining injunctive or other relief, to be determined by the Court.

6. **Return of Property.** St. Jusma affirms that she has returned all of Defendant's property, documents, and/or any confidential information in her possession or control. St. Jusma also affirms that St. Jusma is in possession of all of St. Jusma's property that St. Jusma had at Defendant's premises and that Defendant are not in possession of any of St. Jusma's property.

7. **No Disparaging Statements.**

St. Jusma covenants and agrees that she will not make any disparaging, derogatory or negative comments about, or engage in any communications likely to harm the business or reputation of, the Releasees, except where the making of any such truthful statements may be required by law. Prohibited communications include verbal and written communications, whether in hard copy or electronic format (such as by e-mail, text or instant messaging), and further include but are not limited to postings or comments on any blog, public forum on the internet or any social media website, such as Facebook, LinkedIn, Twitter or Glass Door.

Defendant covenants and agrees that it shall, during their employment, direct the Manager of its Center at the Lauderhill, Florida location, Claudia Edwards, the Market Operations Director, Simoukda Boutmahanimith, and the Team Lead, Anniery Guzman, for the duration of their employment with Defendant, to refrain from making any disparaging, derogatory or negative comments about, or engage in any communications likely to harm the reputation of St. Jusma, except where the making of any such truthful statements may be required by law. Prohibited communications include verbal and written communications, whether in hard copy or electronic forma (such as by e-mail, text or instant messaging), and further include but are not limited to postings or comments on any blog, public forum on the internet or any social media website, such as Facebook, LinkedIn or Twitter. St. Jusma acknowledges that Defendant cannot control any comments or statements made by Claudia Edwards, Simoukda Boutmahanimith, and Anniery Guzman after their employment with Defendant terminates for any reason after the execution of this Agreement.

8. **No Application/No Duty to Re-Hire**. Defendant shall be under no obligation to re-hire St. Jusma, and she shall not apply in the future for employment as an employee, independent contractor, subcontractor, consultant, or otherwise with any of the

*L.J*

following entities:

    a. Chen Neighborhood Medical Centers of South Florida, LLC d/b/a Chen Neighborhood Medical Centers;
    b. Chen Neighborhood Medical Centers of South Florida, LLC d/b/a Chen Senior Medical Centers
    c. Chen Central Florida Holdings, LLC d/b/a Dedicated Senior Medical Centers,
    d. PMR Virginia Holdings, LLC d/b/a JenCare Senior Medical Centers
    e. PMR KY Holdings, LLC d/b/a JenCare Senior Medical Centers
    f. PMR LA Holdings, LLC d/b/a JenCare Senior Medical Centers
    g. PMR Illinois Holdings, LLC d/b/a JenCare Senior Medical Centers
    h. PMR Georgia Holdings, LLC d/b/a JenCare Senior Medical Centers
    i. Practice Management Resources, LLC and
    j. ChenMed, LLC

If St. Jusma applies for a position with any of the entities identified in sections (a) through (j) above, her employment application will be rejected. If St. Jusma is employed or engaged in any capacity by any of the entities identified in sections (a) through (j) above, she may be immediately terminated. St. Jusma shall have no cause of action against Releasees as a result of any such rejection or termination. Any delay in termination shall not be deemed a waiver of this provision.

    9. **Neutral Reference.** Should Chen be contacted by current or prospective employers of St. Jusma, Chen will only verify last position held, work location, and dates of employment. St. Jusma agrees to direct any current or prospective employers to contact: Ivette Tejeiro, Managing Director of People Operations, 1395 NW 167 Street, Suite 136, Miami Gardens, FL 33169, Telephone: (305) 628-6135, e-mail: Ivette.Tejeiro@chenmed.com, regarding any inquiries about St. Jusma's employment with Chen. Defendant is prohibited from disclosing to prospective employers of St. Jusma, that St. Jusma brought litigation or claims against Defendant.

    10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. The prevailing party in any proceeding or action to enforce the terms of this Agreement shall be entitled to its reasonable attorneys' fees and costs from the non-prevailing party. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties shall request the U.S. District Court retain jurisdiction to enforce the terms of settlement.

    11. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

L.S

12. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. St. Jusma acknowledges that St. Jusma has not relied on any representations, promises, or agreements of any kind made to St. Jusma in connection with St. Jusma's decision to accept this Agreement, except for those set forth in this Agreement.

ST. JUSMA IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AS TO HER RELEASE OF ANY CLAIM UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED. ST. JUSMA IS ALSO ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT, AND ACKNOWLEDGE SHE HAS CONSULTED WITH HER ATTORNEY, PETER BOBER, ESQ., REGARDING HER SIGNING OF THIS AGREEMENT.

ST. JUSMA MAY REVOKE HER RELEASE OF ANY CLAIM UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO SCOTT S. ALLEN, ESQ., JACKSON LEWIS P.C., ONE BISCAYNE TOWER, SUITE 3500, 2 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR CONFIDENTIAL AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE DELIVERED TO SCOTT S. ALLEN, ESQ., JACKSON LEWIS P.C., ONE BISCAYNE TOWER, SUITE 3500, 2 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER ST. JUSMA SIGNS THIS AGREEMENT. SAID REVOCATION WILL BE APPLICABLE ONLY TO CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, AND WILL RESULT IN A DECREASE OF THE CONSIDERATION RECITED IN PARAGRAPH 1 ABOVE BY 40% OF ALL AMOUNTS OTHERWISE OWING BY DEFENDANT.

ST. JUSMA AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

ST. JUSMA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

*L.S*

The Parties knowingly and voluntarily sign this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

| LOUISE ST. JUSMA | CHEN NEIGHBORHOOD MEDICAL CENTERS OF SOUTH FLORIDA, LLC D/B/A CHEN NEIGHBORHOOD MEDICAL CENTERS |
|---|---|
| Signed: *Louise St Jusma* | Signed: *[signature]* |
| Date: 03.06.17 | Date: 3/7/17 |
| | Title: Chief Market Development Officer |